IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES MCCONICO, JR., #117395,    :

     Plaintiff,    :

vs.    :    CIVIL ACTION 22-00055-TFM-B

MARY COOK, *et al.,*    :

     Defendants.    :

## REPORT AND RECOMMENDATION

This § 1983 action was opened as a separate action by order (Doc. 4) of United States District Judge Terry F. Moorer in Plaintiff James McConico's other action, McConico v. Cook, *et al.*, CA No. 20-00314-TFM-N (S.D. Ala), and has been referred to the undersigned for appropriate action pursuant to District Judge Moorer's order, 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(R). (Doc. 5). After careful consideration, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

In McConico's earlier filed § 1983 action (CA No. 20-00314-TFM-N), which remains pending, McConico sued over the sufficiency of the actions being taken by the State of Alabama, Governor Kay Ivey, and Warden Mary Cook at Fountain Correctional Facility in Atmore, Alabama. *See* CA No. 20-00314-TFM-N (Doc. 1). On January

3, 2022, McConico filed an Amendment to Civil Complaint in the earlier filed action. (Doc. 1). At the time, McConico was incarcerated at Easterling Correctional Facility ("Easterling") in the Middle District of Alabama, where according to the Alabama Department of Corrections' ("ADOC") website, he remains. (Doc. 1 at 4; www.doc.state.al.us (last visited Feb. 10, 2022)).

In McConico's Amendment to Civil Complaint, he alleges that he is not able to effectively litigate his case because of the actions of the Alabama Department of Corrections ("ADOC"), Judge Jimmy Pool, Deputy Attorney General Gary Willford, Captain Shafter, Deputy Warden Monica McCoy, and others who have arbitrarily transferred him, used transfers to seize his legal work and destroy it, shortened law library hours, arbitrarily closed the law library, not provided carbon paper, created procedures to use the law library that target him, and issued court orders to the ADOC to infringe his right to exercise his First Amendment rights. (Doc. 1 at 1-2) Further, McConico alleges that Commissioner Jeff Dunn, Governor Kay Ivey, and "new State Agents at Easterling Unit [("Easterling")] have negated all testing of the virus" and failed to institute measures that would allow him to receive a booster shot. (Id. at 2). He also alleges that at Easterling, there are no operational sanitation stations and no soap or sanitizer in the dorm bathroom; he and other transferees

to Easterling are not tested for Covid-19; and the shortage of correctional officers at Easterling prevent enforcement of mask wearing. (<u>Id.</u> at 2-3).

Upon review of the allegations set forth in McConico's Amendment to Civil Complaint, Motion to Add-Defendant and Second Amendment to Civil Complaint, Judge Moorer determined that, while all three documents relate to allegations of a failure to protect inmates from Covid-19, the allegations relate to a facility that is different than the facility referenced in McConico's original complaint. (Doc. 4). Accordingly, the Court directed the Clerk to open a new action for the matters that pertain to Easterling and to transfer Plaintiff's Amendment to Civil Complaint, Motion to Add-Defendant and Second Amendment to Civil Complaint to a new case, along with the Court's order dated February 7, 2022. (<u>Id.</u>).

In the foregoing pleadings, McConico has not provided an address for any Defendant. The lead Defendant in the style of the case is Mary Cook, who was the warden at Fountain Correctional Facility when Plaintiff filed his initial complaint in the earlier action, CA No. 20-00314-TFM-N, but she is no longer employed with the ADOC. (CA No. 20-00314-TFM-N, Doc. 37 at 1 n.1). McConico has not referenced or mentioned her with respect to the Easterling facility; therefore, she is not deemed to be a Defendant. <u>See</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)(a

3

plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a § 1983 claim).  With regard to the other individuals, Warden Karen Carter is the Warden III at Easterling, see www.doc.state.al.us (last visited Feb. 10, 2022); Defendants Dunn and Ivey reside in Montgomery, Alabama (see CA No. 20-00314-TFM-N, Doc. 10 at 5, McConico's complaint); Defendant McCoy is the Deputy Warden at Easterling (see id. & Doc. 33 at 2, McConico's motion to add McCoy); Institutional Coordinator Cheryl Price is located in Montgomery, Alabama (see id.; Doc. 41 at 3, McConico's certificate of service); Judge Jimmy B. Pool is a Circuit Court Judge for the Fifteenth Judicial District, Montgomery County, Alabama (https://montgomery.alacourt.gov, lasted visited Feb. 10, 2022); the Attorney General's Office is located in Montgomery, Alabama (https://www.alabamaaag.gov, last visited Feb. 10, 2022), where presumably Deputy Attorney General Willford is located; and Captain Shaffer/Shafter's location cannot be ascertain from the pleadings.

McConico complains about Defendants Pool, Willford, Shafter and McCoy interfering with his access to courts (Doc. 1 at 1, PageID.1), and about the sufficiency of Defendants Dunn's and Ivey's actions taken at Easterling to protect him from Covid-19

and its Delta and Omicron variants.  (Id. at 1-3, PageID.1-3; Doc. 3 at 1-2, PageID.9-10).  Thus, the actions of which McConico complains are alleged to have occurred chiefly at Easterling or in the Middle District of Alabama.  Moreover, most Defendants appear to reside in the Middle District.  In sum, McConico's pleadings in this new action do not reflect that he is complaining about actions that occurred in the Southern District of Alabama.

A section § 1983 action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2011); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991)(applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  Atl. Marine Constr. Co., Inc. v. United States Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 56

(2013); 28 U.S.C. § 1406(a)(1996); <u>see</u> <u>Kapordelis v. Danzig</u>, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer pursuant to § 1406(a) of a *Bivens* action from New York to Georgia), <u>cert. denied</u>, 562 U.S. 1250 (2011).

In the present action, it appears that most Defendants reside in the Middle District, and a substantial portion of the events giving rise to McConico's claims occurred in the Middle District. Thus, as pled, McConico's action appears to have no connection to this District. Venue is therefore lacking and appears to be proper in the Middle District. Considering McConico's *pro se* status, it is recommended, in the interest of justice, that this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

> **DONE** this **15th** day of **February, 2022.**

> /s/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**